UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJWINDER SINGH RANDHAWA,<br><br>Petitioner,<br><br>v.<br><br>ERIC ARNOLD,<br><br>Respondent. | No. 2:15-cv-0784 TLN DB P<br><br><br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction entered against him on August 2, 2011 in the San Joaquin County Superior Court on a charge of attempted murder. He seeks federal habeas relief on the grounds that the evidence introduced at his trial is insufficient to support his conviction. Upon careful consideration of the record and the applicable law, the undersigned recommends that petitioner's application for habeas corpus relief be denied.

**I. Background**

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

/////

1

A jury convicted defendant Rajwinder Singh Randhawa of attempted murder and found true certain gun and great bodily injury enhancements.

Defendant now contends (1) the trial court should have redacted the transcripts of a recorded jailhouse conversation between defendant and his brother-in-law; and (2) the trial court should have stayed the Penal Code section 12022.7 great bodily injury enhancement. The Attorney General agrees with defendant's second contention.

We conclude (1) the trial court did not err in admitting unredacted transcripts of the jailhouse conversation, and (2) defendant is correct that one of the enhancements should be stayed.

We will stay the Penal Code section 12022.7 enhancement and affirm the judgment as modified.

**BACKGROUND**

Karnail Singh and his wife Ranjeet Kaur were friends of defendant and his wife, Tejinder Kaur Randhawa. Defendant and his wife often argued; defendant's wife told Singh and Kaur that defendant was volatile and violent. The wife left defendant in early 2004, storing some of her belongings with Singh and Kaur at their home. When Singh informed defendant that defendant's wife picked up her clothes from Singh's home, defendant became upset.

Defendant came to the apartment of Singh and Kaur one evening in September 2004, carrying a small briefcase. He said he wanted to show them some papers. But then defendant repeatedly asked Singh to divulge his wife's location. When Singh said he did not know, defendant pulled a gun from his briefcase and said: "I will kill you and then I will kill my wife."

Singh stood up and said "my brother, don't [do] this thing to me." He tried to grab the gun from defendant, but defendant then shot Singh in the shoulder. As Kaur picked up the phone to call the police, defendant aimed his gun at her, and the gun fired twice. Singh tried to hold defendant, but defendant wrestled free and shot Singh in the chest, below his heart. After the last shot, defendant said, "You are gone now. You are finished. Leave me."

Defendant went to his pickup truck and drove off; Singh and Kaur ran after him. Singh eventually passed out from blood loss.

Four Winchester .380–caliber casings and a bullet fragment were found on the apartment floor, as were defendant's shoes. A briefcase left at the apartment contained defendant's driver's license, his pink slip for a Nissan pickup truck, business cards, several Winchester .380–caliber rounds, and a passport. Defendant's fingerprints were on a water glass found sitting on the coffee table. In addition, defendant's truck had blood on the exterior when it was found in Union City on September 15, 2004. A search of his residence found a box of 50 Winchester .380–caliber rounds.

> Defendant's sister told police defendant may have fled from Canada to India. In 2009, defendant was arrested in Germany and transported to San Joaquin County.
>
> Defendant testified that his wife moved to Fresno and wrongly accused him of threatening to kill her. He said Singh gave defendant the gun, and on the day of the incident defendant went to Singh's home to return the gun and the bullets. Defendant said that when they discussed immigration, Singh got angry and picked up the gun. Defendant jumped on Singh in self-defense and never intended to harm him, but the gun fired four times during the struggle.
>
> Additional facts relevant to defendant's contentions are included in the discussion.
>
> A jury found defendant guilty of attempted murder (Pen.Code, §§ 664/187)1 with enhancements for personally discharging a handgun causing great bodily injury and personally inflicting great bodily injury (§§ 12022.53, subds.(a), (d), 12022.7, subd. (a)). The trial court sentenced defendant to 37 years to life in prison.

People v. Randhawa, No. C070813, 2013 WL 5173870, at *1–2 (Cal. Ct. App. Sept. 16, 2013).

The California Court of Appeal modified the judgment against petitioner to impose but stay execution of the Cal. Penal Code § 12022.7 sentence enhancement. Id. at *3. In all other respects, the judgment was affirmed. Id. Petitioner did not file a petition for review in the California Supreme Court.

On September 18, 2014, petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior Court. Resp't's Lod. Doc. 4. Therein, he raised the sole claim that the evidence was insufficient to support his conviction for attempted murder. Id. The Superior Court denied this petition, reasoning as follows:

> A jury convicted Petitioner of attempted murder and found true certain gun and great bodily injury enhancements. Petitioner was sentenced to 34 years-to-life.
>
> Petitioner now challenges the conviction asserting that the prosecution did not establish his intent to kill; that there was reasonable doubt on that issue. Petitioner requests an evidentiary hearing.
>
> Habeas corpus is not available to relitigate determinations of fact made upon conflicting evidence after a fair trial. In re Dixon (1953) 41 C.2d 756, 760. Habeas corpus is not available to review the credibility or [sic] witnesses or to weigh the evidence supporting the judgment. In re La Due, (1911) 161 C. 632. Sufficiency of the evidence claims are not cognizable on habeas

>corpus. In re Lindley, (1947) 29 C.2d 709, 722-723.
>
>The record establishes that Petitioner's arguments here were raised by defense counsel and rejected by the jury. It is clearly within the province of the jury to infer from the facts whether Petitioner acted with intent to kill. DeLoss v. Lewis, (1947) 78 Cal.App.2d 223, 225.
>
>Accordingly, the petition is denied.

Resp't's Lod. Doc. 5.

Petitioner subsequently filed a petition for writ of habeas corpus in the California Court of Appeal, raising the same claim of insufficient evidence. Resp't's Lod. Doc. 6. That petition was summarily denied. Resp't's Lod. Doc. 7. Petitioner raised the claim again in a petition for writ of habeas corpus filed in the California Supreme Court. Resp't's Lod. Doc. 8. The Supreme Court denied that petition, citing In re Dixon, 41 Cal.2d 756, 759 (1953) and In re Lindley, 29 Cal.2d 709, 723 (1947.) Resp't's Lod. Doc. 9.

## II.  Standards of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
>(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Greene v. Fisher, ___ U.S. ___, ___, 132 S. Ct. 38, 44 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, ___ U.S. ___, ___, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, ___ U.S. ___, ___, 132 S. Ct. 2148, 2155 (2012)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

1  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as
2  'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v.
3  Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).
4  Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner
5  must show that the state court's ruling on the claim being presented in federal court was so
6  lacking in justification that there was an error well understood and comprehended in existing law
7  beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.
8       If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing
9  court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford,
10 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008)
11 (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of §
12 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering
13 de novo the constitutional issues raised.").
14      The court looks to the last reasoned state court decision as the basis for the state court
15 judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).
16 If the last reasoned state court decision adopts or substantially incorporates the reasoning from a
17 previous state court decision, this court may consider both decisions to ascertain the reasoning of
18 the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a
19 federal claim has been presented to a state court and the state court has denied relief, it may be
20 presumed that the state court adjudicated the claim on the merits in the absence of any indication
21 or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption
22 may be overcome by a showing "there is reason to think some other explanation for the state
23 court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803
24 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but
25 does not expressly address a federal claim, a federal habeas court must presume, subject to
26 rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, ___ U.S. ___,
27 ___, 133 S. Ct. 1088, 1091 (2013).
28 /////

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d).  Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable."  Himes, 336 F.3d at 853.  Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief."  Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012).  While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief."  Richter, 562 U.S. at 98.  This court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court."  562 U.S. at 102.  The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'"  Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo.  Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

**III.  Petitioner's Claim of Insufficient Evidence**

In petitioner's sole ground for relief, he claims that the evidence introduced at his trial is insufficient to support his conviction for the attempted murder of Singh.  ECF No. 1 at 6.[1]

---

[1] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  Specifically, he contends the prosecution failed to prove beyond a reasonable doubt that he took a
2  "direct step" toward the commission of the crime or that he had the intent to kill.  Id. at 16.  He
3  argues that the evidence supports his defense that he and Singh engaged in a struggle during
4  which the bullets accidentally discharged.  Id.

5  Petitioner agrees that he brought a firearm to the victim's house, but he states that the
6  victim "disengage[d] the petitioner's usage of it, never quite allowing petitioner to take that direct
7  step, carrying out his plan or his 'verbal intentions.'"  Id. at 19.  Petitioner clarifies, "the victim
8  grabbed the firearm and began to struggle with petitioner for it's control, not allowing the
9  petitioner to go beyond 'obtaining' or 'arranging' or 'making minor preparations' to murder."  Id.
10 at 20.  Petitioner argues, in effect, that he never took a "direct step" to murder Singh because the
11 victim took the firearm out of his hands before he could do so.[2]  Id.

12 Petitioner also argues that the struggle between himself and Singh caused the firearm to
13 discharge accidentally, which precludes a jury finding that he intended to murder Singh.  He
14 contends the bullets were fired "irregularly while a struggle for control of the firearm was in
15 effect," and were not "'freely armed' shots, exhibiting mere intent to murder."  Id. at 21, 22.
16 Petitioner also states that his actions "could very well be tantamount to Self-Defense."  Id. at 21.

17 **A.  Procedural Default**

18 Respondent argues that the California Supreme Court's denial of his sufficiency of the
19 evidence claim with citations to In re Dixon and in re Lindley constitutes a state procedural bar
20 which precludes this court from addressing the merits of petitioner's claim.  ECF No. 10 at 7-8.
21 As a general rule, "[a] federal habeas court will not review a claim rejected by a state court 'if the
22 decision of [the state] court rests on a state law ground that is independent of the federal question
23 and adequate to support the judgment."  Walker v. Martin, 562 U.S. 307, 314 (2011) (quoting

---

[2] Petitioner's jury received an instruction that provides, in part: "To prove that the defendant is guilty of attempted murder, the People must prove that: 1. The defendant took at least one direct but ineffective step toward killing (another person).  ECF No. 1 at 24.  A "direct step" is defined in the instruction as "one that goes beyond planning or preparation and shows that a person is putting his or her plan into action" and "a direct movement toward the commission of the crime after preparations are made."  Id.  In his arguments, petitioner appears to be referring to the "direct step" language in this jury instruction.

Beard v. Kindler, 558 U.S. 53 (2009).  However, a reviewing court need not invariably resolve the question of procedural default prior to ruling on the merits of a claim.  Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997).  Where deciding the merits of a claim proves to be less complicated and less time-consuming than adjudicating the issue of procedural default, a court may exercise discretion in its management of the case to reject the claim on the merits and forgo an analysis of procedural default.  See Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002): ("Procedural bar issues are not infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same"); Busby v. Dretke, 359 F.3d 708, 720 (5th Cir. 2004) (noting that although the question of procedural default should ordinarily be considered first, a reviewing court need not do so invariably, especially when the issue turns on difficult questions of state law).  Under the circumstances presented here, the court finds that petitioner's claim of insufficient evidence can be resolved more easily by addressing it on the merits.  Accordingly, the court will assume that the claim is not defaulted and will address it on the merits.

**B. Applicable Law**

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  In re Winship, 397 U.S. 358, 364 (1970).  There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  "[T]he dispositive question under Jackson is 'whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.'"  Chein v. Shumsky, 373 F.3d 978, 982 (9th Cir. 2004) (quoting Jackson, 443 U.S. at 318).  Put another way, "a reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury."  Cavazos v. Smith, ___ U.S. ___, 132 S.Ct. 2, *4 (2011).

In conducting federal habeas review of a claim of insufficient evidence, "all evidence must be considered in the light most favorable to the prosecution."  Ngo v. Giurbino, 651 F.3d

1112, 1115 (9th Cir. 2011). "Jackson leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial," and it requires only that they draw "'reasonable inferences from basic facts to ultimate facts.'" Coleman v. Johnson, ___ U.S. ___, 132 S.Ct. 2060, 2064 (2012) ( per curiam ) (citation omitted). "'Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction.'" Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir.1995) (citation omitted).

"A petitioner for a federal writ of habeas corpus faces a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction on federal due process grounds." Juan H. v. Allen, 408 F.3d 1262, 1274 (9th Cir. 2005). In order to grant relief, the federal habeas court must find that the decision of the state court rejecting an insufficiency of the evidence claim reflected an objectively unreasonable application of Jackson and Winship to the facts of the case. Ngo, 651 F.3d at 1115; Juan H., 408 F.3d at 1275 & n.13. Thus, when a federal habeas court assesses a sufficiency of the evidence challenge to a state court conviction under AEDPA, "there is a double dose of deference that can rarely be surmounted." Boyer v. Belleque, 659 F.3d 957, 964 (9th Cir. 2011). The federal habeas court determines sufficiency of the evidence in reference to the substantive elements of the criminal offense as defined by state law. Jackson, 443 U.S. at 324 n.16; Chein, 373 F.3d at 983.

**C. Analysis**

After reviewing the state court record in the light most favorable to the jury's verdict, this court concludes that there was sufficient evidence introduced at petitioner's trial to support his conviction for attempted murder. There was significant evidence that petitioner shot the firearm with the intent to kill Singh. As noted by the California Court of Appeal, after petitioner took the gun from his briefcase, and before he shot the weapon, he stated, "I will kill you people, then I will kill my wife." Reporter's Transcript on Appeal (RT) at 373. This is a direct statement of petitioner's intent. Petitioner fired the first shot when he was only three feet away from Singh. Id. at 302-08. Although Singh attempted to restrain petitioner after he pulled out his firearm, petitioner pushed Singh away and then shot him again. Id. at 307. This testimony provides substantial support for the jury's finding that petitioner shot Singh with the intent to kill, and not

accidentally or in self-defense. It also provides evidence that petitioner took direct steps to kill Singh.

It is true that there was evidence Singh attempted to restrain petitioner immediately before the gun went off. However, the question in this federal habeas action is not whether there was evidence from which the jury could have found for the petitioner. Rather, in order to obtain federal habeas relief on this claim, petitioner must demonstrate that the state courts' denial of relief was an objectively unreasonable application of the decisions in Jackson and Winship to the facts of this case. Specifically, he must show that no rational trier of fact could have found he intended to kill Singh beyond a reasonable doubt and that no rational trier of fact could have agreed with the jury's decision. Petitioner has failed to make this showing.

The decision of the California Court of Appeal on petitioner's claim of insufficient evidence is not contrary to or an unreasonable application of United States Supreme Court authority. Certainly it is not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103. Accordingly, he is not entitled to federal habeas relief on his claim of insufficient evidence.[3]

**IV. Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file

---

[3] Assuming arguendo that the state courts denied petitioner's claim of insufficient evidence on procedural grounds and not on the merits, for the reasons set forth above the claim fails even under a de novo standard of review.

objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: November 21, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:8
Randhawa784.hc:DLB1:prisoner-habeas